PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. ROSENDO TORRES PABÓN, Defendant and Appellant.

No. 6538. Argued June 2, 1937.—Decided July 16, 1937.

*Luis Tirado Géigel* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Insular policeman Jorge Luis Maldonado filed an information against Rosendo Torres Pabón for violation of Section 95 of the Public Service Act (Act No. 70 of 1917, Laws, Vol. 2 p. 432) and of the final order of the Public Service Commission of October 15, 1936, in that he carried passengers for pay, on March 21, 1936, in the automobile he was driving, within the route from San Juan to Río Piedras served by the White Star Line, Inc., without being authorized to do so. He was convicted by the district court and sentenced to pay a fine of $50 and in defect thereof to spend one day in jail for every dollar he should fail to pay, and he appealed to this Court. He asks that the judgment be reversed as being contrary to the law and the evidence.

All the evidence which the trial court had before it was sent up to this Court. The evidence for the prosecution consisted of a certified copy of the Order of the Public Service Commission which the defendant is charged with violating and in the testimony of the complaint and of Luciano Rodríguez. That of the defense consists in the testimony of the defendant himself.

To questions by the fiscal the complainant testified that:

"The defendant was driving public car no. 934 towards Río Piedras on Ponce de León Avenue, Stop 20, at about 7:20 A. M. There, at Stop 20, was Mr. Luciano Rodríguez and he stopped the car in front of a bus and took the passenger inviting him to Río Piedras. . . The chauffeur took the passenger and then I arrested him at Stop 21."

On cross-examination by the attorney for the defense he answered:

"Q.—You say that he was going towards Río Piedras?—A.—Yes, sir.—Q.—Do you know it because you heard him say it?—A.—Because he invited him to Río Piedras.—Q.—To what exact spot in Río Piedras?—A.—To Río Piedras, I do not know the exact spot.—Q.—Are you in the motorcycle service, Maldonado?—A.—Traffic service from San Juan to Río Piedras.—Q.—Could you tell us to what point in Río Piedras the route of the White Star Line reaches?—A.—It reaches to a point facing the Market Square, and then crosses a street going up to the Río Piedras Plaza. . . . Q.—But it does not go beyond the Plaza de Recreo?—A.—No, sir.—Q.—Do you know whether or not the defendant was going to a point farther on?—A.—No, sir."

The fiscal then called Rodríguez who replied in answer to his questions:

"A.—I stopped a public car to go to kilometer 5 on the highway to Caguas.—Q.—And you were paying ten cents for this? A.—No, sir, no.—Q.—How much was it?—A.—What the car asked me for.—Q.—You did not make any agreement with him?—A.—No, sir. . . . A.—The thing is that I stopped the car at Stop 20 in order to reach kilometer 5 on the Caguas highway, because I work for the Federal Government. At that time I was the inspector of construction on the federal highway at that place."

And to cross-examination by the defense, he replied as follows:

"A.—I also worked at the PRRA.—Q.—Where? . . . A.—At kilometer 5 on the Caguas highway, that is on the road to Cupey Alto, which was under construction by the PRRA.—Q.—That is beyond the bridge, going out to the Caguas highway?—A.—Yes, sir.—Q.—And that is where you were going that morning?—A.—Yes, sir. . . . Q.—When you took the car that the defendant was driving at Stop 20 what happened there?—A.—The officer was about 20 meters away from the spot where I took the car and he ordered us

to stop. Q.—What did he do?—A.—He took us to the station at stop 21.—Q.—Did he say anything to you?—A.—I told him that I was going to kilometer 5 on the Caguas highway.—Q.—You told him that, but did he ask any questions or investigate anything? A.—He made no investigation. I told him that I was going to kilometer 5 on the Caguas highway.—Q.—Did the officer see you pay anything for fare?—A.—No, sir."

The defendant moved for a peremptory acquittal and the court denied the motion. He then testified, answering the questions of this attorney as follows:

"Q.—Have you been driving public cars for some time?—A.—Yes, sir.—Q.—Have you ever been engaged in what it commonly called 'Velloneos'?—A.—I have been but on the day to which the information refers I was not.—Q.—The morning to which the information refers was in March of this year, 1936, was it not?—A.—Yes, sir.—Q.—What were you doing?—A.—I was driving a public car that I was working from here, San Juan, toward the Caguas highway, and when I was passing stop 20 after going after some friend of mine who were going to Caguas. . . . Q.—When the passenger entered the car did he tell you where he was going?—A.—He said 'I am going to Caguas, toward Caguas.' He said to me 'Where are you going?' and I told him, 'To Caguas' and he said to me 'I am going to kilometer 5'. . . . Q.—And what happened?—A.—About 20 meters behind the White Star Line, behind a bus, on the left side, was the policeman. Then he ordered me to stop and I stopped and he said, 'go ahead and stop at the Station' and I continued. . . . Q.—Did you receive any payment?—A.—No, sir."

The fiscal made no cross-examination.

That was the evidence on which the judgment of conviction was based. In our opinion it is so insufficient that we can arrive at no decision other than a reversal of the judgment appealed from. Perhaps it was true that on the day of the complaint the defendant was violating the law as he confessedly had violated it previously, but the specific violation with which he was charged and for which he was tried was not proved.

The defendant had a right to drive the automobile and to carry paying passengers to kilometer 5 on the Caguas high-

way. And that was the only thing shown by the evidence for the prosecution. Witness Rodríguez, who was the passenger the complainant officer saw conducted, was called to the stand by the People.

Only in the testimony of the officer is anything found against the defendant, to wit, his assertion that the defendant invited the passenger to go to Río Piedras. Nevertheless the assertion lost its force when the complainant himself explained that the route prohibited to the defendant only reaches the Río Piedras plaza and when the other witness for the prosecution testified that he was going beyond the square, that is, to kilometer 5 of the Río Piedras–Caguas highway.

What has undoubtedly happened in this case is that the officer, being convinced of the guilt of the defendant because of his previous conduct, hastened to arrest him and the evidence he thought complete proved to be insufficient. Perhaps the court acted under the impression that is was rendering a just decision and perhaps it really was. But after a proper examination of the evidence it is impossible to sustain that decision. Judgment is rendered on the basis of what is alleged and proved in each concrete case. The circumstance that the defendant confessed to having committed other violations, cannot be considered as curing the deficiency of the evidence of the specific violation which he denied.

For the reasons stated the judgment appealed from must be reverse and the defendant acquitted.

Mr. Justice Córdova Dávila took no part in the decision of this case.